JUDGE GARDEPHE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

CLICKSPARK, LLC,

          Plaintiff,

v.

KEEPSAKE FILMS, LLC d/b/a CLICKSPARK,

          Defendant.
-------------------------------------------------------------------- X

Civil Action No.

JURY TRIAL DEMANDED

15 CV 02366

RECEIVED MAR 30 2015 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT

Plaintiff, ClickSpark, LLC ("Plaintiff" or "ClickSpark"), by its attorneys, Klein Moynihan Turco LLP, for its Complaint against Keepsake Films, LLC ("Defendant" or "Keepsake"), alleges as follows:

### Parties and Jurisdiction

1. Plaintiff ClickSpark is a New York State limited liability company with its principal place of business located at 530 Summit Point Drive, Henrietta, New York 14467.

2. Defendant Keepsake is a Maryland State limited liability company with a principal place of business located at 51 Cavan Green, Baltimore, Maryland 21236.

3. This Court's jurisdiction arises from the fact that: (i) this is an action brought under the Trademark Act of July 5, 1946, as amended, 15 U.S.C. §§ 1051, *et seq.*, known as the Lanham Act, jurisdiction being conferred by 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338, respectively; (ii) this is a civil action in which plaintiff and defendant are citizens of different states and the value of the matter in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, jurisdiction being conferred under 28 U.S.C. §

{00119243;2}

1332(a); and ClickSpark's state and common law claims are joined and related pursuant to 28 U.S.C. §§ 1367(a) and 1338(b), respectively.

4.   Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because Defendant does business in, and/or has purposefully availed itself of, this judicial district by soliciting business in the district through continuous and systematic contacts.

## FIRST CAUSE OF ACTION
### Trademark Infringement and False Designation

**ClickSpark's Business and Marks**

5.   ClickSpark is a marketing services and online vertical-independent Internet marketing and consumer lead generation company. ClickSpark engages in online and offline marketing to provide leads to buyers throughout the United States in any business vertical that may purchase leads.

6.   ClickSpark's customers are engaged in a wide variety of business service industries including, but not limited to, the education, legal, wedding, debt collection, healthcare and finance industries.

7.   In its nearly decade long existence, ClickSpark has provided marketing services under the CLICKSPARK trademark and the ClickSpark trade name for businesses via the Internet, and has assisted consumers in finding the best possible goods and/or services possible, no matter the industry.

8.   Over the past four years, ClickSpark has generated an average of over five and a half million dollars ($5,500,000.00) in revenues, with revenue exceeding eight million dollars ($8,000,000.00) last year alone.

9.   ClickSpark is the owner of all right, title and interest in and to the trademark CLICKSPARK in connection with advertising agencies; consulting services in the field of

internet marketing; cooperative advertising and marketing; marketing services, namely, providing informational web pages designed to generate sales traffic via hyperlinks to other web sites; online advertising via a computer communications network; and promotion, advertising and marketing of on-line websites.

10. In connection with its CLICKSPARK mark, Plaintiff also uses a logo mark, with the colors orange and red and a light bulb inserted in the name (the "LOGO MARK").

11. ClickSpark is also the owner of the ClickSpark trade name, which it has used exclusively in interstate commerce since 2006.

12. ClickSpark has used the mark CLICKSPARK since at least May 24, 2006, in connection with the goods and services that it offers.

13. ClickSpark has also used its CLICKSPARK mark as part of the Internet domain name <clickspark.com>, which it also owns, for purposes of identifying its Internet website located at www.clickspark.com (the "ClickSpark Website").  ClickSpark's LOGO MARK has been used on the Clickspark Website since 2006.

14. ClickSpark has continuously used and promoted the CLICKSPARK trademark throughout the United States since 2006. As a result of the substantial time and effort associated with, and long and substantial use of the mark CLICKSPARK, ClickSpark has developed substantial recognition for its services under said mark, and has acquired and now enjoys a valuable reputation and goodwill associated with said mark.

15. ClickSpark's growth under the CLICKSPARK mark has resulted in the opening of a new ClickSpark office in Rochester, New York.

16. As a result of the foregoing, ClickSpark's trade name has also gained wide spread consumer recognition.

**ClickSpark's Presence in the Wedding Industry**

17. Since 2005, ClickSpark began targeting the wedding industry. To that end, Clickspark targeted wedding keywords to wedding-specific landing pages on ClickSpark's search portals BetaSeek.com and WowSeek.com and also began purchasing wedding-related keywords.

18. ClickSpark formerly owned the website www.ABWeddings.com since 2005, through which ClickSpark drove wedding related "clicks" to wedding specific advertisers. ClickSpark's ownership of this websites was publically known, especially in the industry.

19. In or about 2006, Clickspark partnered with the company Sedo.com, LLC ("Sedo") for use of the www.ABWeddings.com domain name. Clickspark's www.ABWeddings.com domain specifically targeted wedding related internet searches and drove traffic to a custom wedding related website generated by Sedo, which hosted wedding-related advertising. Consumers looking for wedding related services, such as photographers and videographers, accessed Clickspark's www.ABWeddings.com website and were redirected to the third-party wedding advertiser. Clickspark was compensated by Sedo for all "clicks" on wedding related advertising appearing on www.ABWeddings.com.

20. Among its many customers, ClickSpark provides services to consumers seeking wedding-related goods and/or services, such as photographers, videographers, caterers, florists, event planners, entertainers and venues.

21. In or about 2005, ClickSpark began partnering with wedding-specific websites for marketing purposes. Perhaps the best known is the website www.weddingwire.com ("WeddingWire"). WeddingWire is a successful Internet websites for wedding lead generation services.

22. In fact, ClickSpark's partnership with WeddingWire was so successful that ClickSpark sold the domain name <LocalWire.com> to WeddingWire in or about 2012. The domain now redirects Internet users to the WeddingWire website.

**Defendant and Its Infringing Activities**

23. Keepsake is in the wedding video industry, and was not incorporated until October 3, 2012, well after ClickSpark's CLICKSPARK mark had become distinctive and famous.

24. On April 30, 2013, Defendant filed an application to register the trademark, "ClickSpark" ("Defendant's Mark"), in connection with the "[p]roduction and distribution of videos in the field of weddings." The application lists a first use date of April 1, 2013, and first use in commerce date of April 1, 2013.

25. On December 10, 2013, the USPTO registered Defendant's Mark.

26. In addition, on or about 2013, Defendant registered the Internet domain name www.clickspark.it ("Defendant's Website"). The "it" designation indicates a registration in Italy.

27. Defendant's Website, which is available to all consumers in the United States, including in the State of New York, makes numerous uses of Defendant's Mark, which is identical to ClickSpark's CLICKSPARK trademark.

28. Defendant's Website initially used a logo bearing the CLICKSPARK mark that is substantially similar to Plaintiff's logo. An example is attached hereto as Exhibit 1.

29. Defendant's Website expressly states that Defendant's services are available for "destination weddings" and indicates that its services are available throughout the United States including, but not limited to, New York State residents.

30. Inexplicably, Defendant also registered to do business as Clickspark, despite its corporate name Keepsake Films.

31. In or about August 2013, ClickSpark received a consumer e-mail regarding the services offered by Defendant. The consumer sent her correspondence to ClickSpark, mistakenly assuming that it was Defendant.

32. Shortly thereafter, ClickSpark discovered Defendant's Website, as well as Defendant's presence and use of Defendant's Mark on social media websites, such as Facebook.

33. Upon information and belief, Defendant was fully aware of ClickSpark's CLICKSPARK trademark and the ClickSpark Website when it adopted its trademark, trade name and Defendant's Website, and did so in an effort to misappropriate and trade upon the goodwill associated with ClickSpark's trademark CLICKSPARK, its trade name ClickSpark, and its Internet website www.clickspark.com, respectively.

34. The appearance, sound and meaning of Defendant's Mark is also identical in every way to ClickSpark's CLICKSPARK Mark, and thus confusingly similar to ClickSpark's CLICKSPARK Mark, which the consuming public associates with ClickSpark.

35. On or about September 3, 2013, ClickSpark's principal sent Defendant a cease and desist letter and demanded that Defendant cease use of and/or promotion employing the CLICKSPARK trademark. Defendant did not respond directly to this demand.

36. Thereafter, on or about November 19, 2013, ClickSpark, through counsel, sent Defendant a second cease and desist letter. Defendant responded to this letter indicating its intent to continue infringing on ClickSpark's CLICKSPARK trademark.

37. Defendant's use of the CLICKSPARK Mark, which is confusingly similar to ClickSpark's CLICKSPARK Mark, falsely indicates to consumers that Defendant and/or its

products and services, are in some manner connected with, sponsored by, affiliated with, or related to ClickSpark and its goods and services.

38. Defendant's use of the CLICKSPARK Mark in connection with Defendant's goods and services allows, and will continue to allow, Defendant to receive the benefit and goodwill built up at great labor and expense by ClickSpark and to gain interest, acceptance and recognition including, but not limited to, initial interest, acceptance and recognition, for Defendant's goods and services, not based on the merits of those goods and services, but on the reputation and goodwill of ClickSpark's goods and services.

39. The above-mentioned activities of Defendant are likely to cause confusion, or to cause mistake, or to deceive Internet consumers concerning the origin of Defendant's goods and services. Such persons are likely to believe that Defendant's goods and services come from ClickSpark, or are sponsored by, approved by, or associated with, ClickSpark.

40. Defendant's activities are likely to cause confusion between ClickSpark's and Defendant's goods and services in interstate commerce.

41. In or about September 2013, and again in or about November 2013, ClickSpark demanded that Defendant cease use of the CLICKSPARK Mark or any mark confusingly similar to the CLICKSPARK Mark. Defendant refused to do either of the foregoing.

42. The acts of Defendant complained of above have been conducted in commerce and have affected, and will continue to affect, ClickSpark's business of vertical-independent Internet lead generation in commerce, particularly in the wedding services space.

43. The acts of Defendant complained of above constitute trademark infringement, trade name infringement and false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Defendant is and has been well aware of ClickSpark's trademark rights, and Defendant's deliberate decision to infringe upon those rights, makes the infringement described herein willful.

45. Upon information and belief, the nature of the acts of Defendant complained of above, and the state of Defendant's knowledge of ClickSpark's rights, makes this an exceptional case under § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), thus entitling ClickSpark to an award of attorneys' fees.

46. By reason of the foregoing, ClickSpark has suffered and, unless enjoined by this Court, will continue to suffer, irreparable and immediate injury for which ClickSpark has no adequate remedy at law. The injury to ClickSpark is not limited to business ClickSpark is likely to lose to Defendant when confused consumers purchase products or services provided by Defendant in the mistaken belief they are purchasing goods and/or services from ClickSpark. Irreparable injury that is virtually unmeasurable or extremely difficult to measure is likely to occur in other ways as well including, but not limited to:

(a) Confusion may cause consumers looking for ClickSpark's marketing services, particularly in the wedding services industry, to become frustrated and no longer solicit the business of either ClickSpark or Defendant. Such confusion causes irreparable damage to ClickSpark's reputation and good will among consumers; and

(b) If Defendant offers unreliable or poor quality goods or services, a lasting, but not readily measurable, injury will be inflicted on ClickSpark's reputation in the market.

47. By reason of the foregoing, ClickSpark has been injured in its business and is entitled to recover damages and Defendant's profits in an amount to be proved at trial, as well as enhanced damages in accordance with § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION
### (Unfair Competition- Lanham Act)

48. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 47 hereof, inclusive, as if fully set forth herein.

49. Defendant's aforesaid acts tend falsely to represent Defendant as being affiliated, connected or associated with, or sponsored or approved by, ClickSpark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. Defendant's aforesaid activities have caused and are likely to continue causing confusion, mistake or deception with/related to ClickSpark and/or its products and services bearing the CLICKSPARK mark, or to result in the belief by consumers, media and others that Defendant's goods and/or services are connected with, sponsored or approved by ClickSpark.

51. Defendant's aforesaid acts constitute unfair competition with ClickSpark.

52. On information and belief, Defendant's aforesaid acts have been willful, intentional or in reckless disregard of ClickSpark's aforesaid rights.

53. By reason of Defendant's acts as alleged above, ClickSpark has suffered and will continue to suffer damage and injury to its business and reputation, and may sustain serious losses of revenue and profit. Upon information and belief, ClickSpark has already suffered monetary damages in an indeterminate amount.

54. Defendant's aforesaid acts are greatly and irreparably damaging to ClickSpark and will continue to damage ClickSpark unless enjoined by this Court; wherefore, ClickSpark is without an adequate remedy at law.

## THIRD CAUSE OF ACTION
### (Common Law Trademark Infringement and Unfair Competition)

55. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 54 hereof, inclusive, as if fully set forth herein.

56. As a result of the care and skill exercised by ClickSpark in the conduct of its business, particularly in offering high-quality goods and services, the goods and services offered under the CLICKSPARK Mark have acquired a reputation for high quality and dependability. As a result, the online marketing industry recognizes that the CLICKSPARK Mark identifies the goods and services of ClickSpark exclusively. The CLICKSPARK Mark symbolizes the goodwill that ClickSpark has created and acquired by providing high-quality products and services.

57. Almost a decade after ClickSpark began using its CLICKSPARK Mark, Defendant began using its infringing mark and trade name in connection with confusingly similar or substantially identical online products and services, without license or consent from ClickSpark. Such conduct constitutes misappropriation, unfair competition and infringement, and is likely to cause confusion, mistake or deception because consumers surfing the Internet are likely to conclude, incorrectly, that Defendant and its products and services are affiliated, connected and/or associated with ClickSpark and/or its goods and/or services.

58. The acts of Defendant complained of above have and will continue to unjustly enrich Defendant at ClickSpark's expense and harm and misappropriate the valuable goodwill and reputation established in connection with ClickSpark's CLICKSPARK Mark and trade name, causing loss of revenue and profits.

59. Defendant has improperly benefited from the improper association it has fostered between its business and the business of ClickSpark, and members of the public are likely to be confused, misled or deceived as a result of same.

60. Defendant's actions are willful, wanton or in reckless disregard of the rights of ClickSpark.

61. The acts of Defendant complained of above constitute trademark infringement and unfair competition under the common law of the State of New York and other states wherein Defendant has engaged in the aforementioned conduct.

62. By reason of the foregoing, ClickSpark has suffered and, unless the actions of Defendant are enjoined by this Court, will continue to suffer, irreparable and immediate injury for which it has no adequate remedy at law including, but not limited to, the irreparable injury described in paragraph 46 above.

63. By reason of the foregoing, ClickSpark has been injured in its business and is entitled to recover damages in an amount to be proved at trial.

## FOURTH CAUSE OF ACTION
### (State Law Use of Deceptive Acts or Practices)

64. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 63 hereof, inclusive, as if fully set forth herein.

65. The acts of Defendant complained of above constitute use of deceptive acts or practices in the conduct of business, trade or commerce or the furnishing of services in violation of New York General Business Law § 349.

66. By reason of the foregoing, ClickSpark has suffered, and unless the actions of Defendant are enjoined by this Court, will continue to suffer, irreparable and immediate injury for which ClickSpark has no adequate remedy at law.

67. By reason of the foregoing, ClickSpark has been injured in its business and is entitled to recover damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
### (State Law Trademark Dilution and Injury to Business Reputation)

68. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 67 hereof, inclusive, as if fully set forth herein.

69. ClickSpark's CLICKSPARK mark is distinctive or has acquired distinctiveness.

70. Defendant's use of its CLICKSPARK mark, trade name and its Internet domain name, as alleged above, is likely to cause dilution by blurring and/or tarnishment of ClickSpark's mark.

71. Defendant's use of its CLICKSPARK mark, trade name and its Internet domain name, as alleged above, will cause ClickSpark to lose control of the reputation of its name and mark in commerce, in that consumers are likely to associate with ClickSpark the quality of Defendant's services, any regulatory difficulties encountered by Defendant, or any other detrimental event or events likely to generate negative publicity that may befall Defendant. Such events, which are outside of ClickSpark's control, are likely to injure ClickSpark's business reputation.

72. The acts of Defendant complained of constitute trademark dilution and damage to business reputation in violation of New York General Business Law § 260-l.

73. By reason of the foregoing, ClickSpark is likely to suffer, has suffered, and unless the actions of Defendant are enjoined by this Court will continue to suffer, irreparable injury in the form of dilution of its trademark and loss of control of its business reputation, for which ClickSpark has no adequate remedy at law.

74. By reason of the foregoing, ClickSpark has been injured in its business and is entitled to recover damages in an amount to be proven at trial, together with injunctive and other equitable relief.

## SIXTH CAUSE OF ACTION
### (State Law Unfair Competition)

75. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 74 hereof, inclusive, as if fully set forth herein.

76. Defendant's use of its CLICKSPARK mark is likely to cause confusion, mistake or deception with ClickSpark or the services it provides under the CLICKSPARK mark, or result in the mistaken belief by consumers that Defendant and its products or services are sponsored, approved or licensed by ClickSpark, or are otherwise connected to ClickSpark.

77. Defendant's unauthorized use of the CLICKSPARK mark constitutes unfair competition in violation of New York General Business Law § 360-o.

78. Upon information and belief, Defendant's unauthorized use of the CLICKSPARK mark has been intentional, willful or in reckless disregard of ClickSpark's aforesaid rights.

79. By reason of the foregoing, ClickSpark is likely to suffer, has suffered, and unless the actions of Defendant are enjoined by this Court, will continue to suffer, irreparable injury in the form of lost profits and damage to its business reputation, for which ClickSpark has no adequate remedy at law.

80. By reason of the foregoing, ClickSpark has been injured in its business and is entitled to recover damages in an amount to be proven at trial, together with injunctive and other equitable relief.

## SEVENTH CAUSE OF ACTION
### (Injunctive Relief)

81. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 80 hereof, inclusive, as if fully set forth herein.

82. ClickSpark has suffered and will continue to suffer irreparable damages unless ClickSpark is granted injunctive relief.

83. If ClickSpark is unable to stop Defendant's trademark infringement, it will suffer irreparable harm.

84. For this harm and damage, ClickSpark has no adequate remedy at law.

85. These damages are continuing and, to a large degree, will be incalculable.

86. ClickSpark therefore requests that the Court enter a preliminary and permanent injunction enjoining Defendant, its agents, servants, employees, and those acting in concert with Defendant, from utilizing the CLICKSPARK Mark or any other mark in close proximity thereto, which is likely to interfere with or cause consumer confusion as to the source of its goods and/or services.

WHEREFORE, Plaintiff respectfully demands judgment as follows:

1. Ordering that Defendant be preliminarily and permanently enjoined and restrained from directly or indirectly using the same or any variation, facsimile or similar imitation of the CLICKSPARK Mark in any manner;

2. Permanently enjoining Defendant, and its agents, representatives, employees and anyone acting for or in concert with them or on their behalf, from acting in violation of any legal rights of ClickSpark;

3. On the First Cause of Action against Defendant for trademark infringement and false designation of origin, an award of damages in an amount to be proved at trial including, but

not limited to, recovery of damages and Defendant's profits in an amount to be proved at trial, enhanced in accordance with § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

4. On the Second Cause of Action against Defendant for unfair competition, an award of damages in an amount to be proved at trial;

5. On the Third Cause of Action against Defendant for common law trademark infringement and unfair competition, an award of damages in an amount to be proved at trial;

6. On the Fourth Cause of Action against Defendant for violation of New York General Business Law § 349, an award of damages in an amount to be proved at trial;

7. On the Fifth Cause of Action against Defendant for violation of New York General Business Law § 260-l, an award of damages in an amount to be proved at trial;

8. On the Sixth Cause of Action against Defendant for violation of New York General Business Law § 360-o, an award of damages in an amount to be proved at trial;

9. Damages pursuant to § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), including attorneys' fees and treble damages;

10. An award of Plaintiff's reasonable attorneys' fees, expert witness fees, costs and expenses incurred in connection with this suit pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117, and other applicable law; and

11. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to

which it has a right to jury trial.

Dated: New York, New York
       March 30, 2015

                                        KLEIN MOYNIHAN TURCO LLP

                                        _____

                                        Sean A. Moynihan
                                        John E. Greene
                                        450 Seventh Avenue, 40th Floor
                                        New York, NY 10123
                                        (212) 246-0900
                                        *Attorneys for Plaintiff ClickSpark, LLC*